IzCANNELLA, Judge.
Plaintiff, Elaine Noel, appeals from a judgment dismissing her suit against defendant, the St. John Parish Police Jury, for damages she sustained in a one-car accident. We affirm.
On Easter Sunday, March 26, 1989, plaintiff was driving home along Woodland Drive to her home in LaPlace, Louisiana. Her passengers were her son, daughter and godchild. As she approached an unpaved section of the road which was under construction, she claims that she slowed for a pothole. At that point, she lost control of her car, skidded off the roadway and struck a large concrete structure on the side of the road. The car flipped over. A passing motorist helped everyone from the car. Plaintiff suffered a fractured ankle, a jaw injury and cuts and bruises.
Plaintiff filed suit against defendant and the State of Louisiana, which was later dismissed. The case went to a bench trial on August 26, 1996. Following the trial, on October 8, 1996, the trial judge rendered judgment and dismissed the Igsuit, finding that the sole cause of the accident was plaintiffs failure to negotiate the curve.
Plaintiff asserts that the trial judge was manifestly erroneous in finding that the cause of the accident was plaintiffs failure to negotiate the curve, in failing to find that the road condition was the proximate cause of the accident, in failing to find defendant strictly liable, and in denying the Motion for New Trial.
First, plaintiff argues that the road in question was a two-lane road separated by a grassy median and that the accident occurred before the curve. Plaintiff asserts that potholes in the road were being repaired, but it was not marked with barriers, signals or other lights identifying the construction area. This was stipulated at trial. Plaintiff contends that the only reason the accident occurred was because she lost control of her car due to a deep pothole which caused her car to veer off the road. Plaintiff argues that defendant’s witnesses, Lawrence and Dana Geis, who testified that plaintiff failed to negotiate the curve, are not supported by the evidence and is contradicted by their own testimony. Mr. Geis did not know how deep the hole was and he said that he had trouble getting over the construction area also. He also did not investigate the area where plaintiff went off the road, so could not know what caused her to veer off. Plaintiff claims that the evidence further showed that the road has been under construction for four years and has been in poor condition during that time.
Defendant asserts that the trial judge did not commit manifest error in finding plaintiff solely at fault in the accident. In addition, it contends that if defendant is found at fault, then plaintiff should be assessed comparative fault.
*1240 Mr. & Mrs. Geis observed plaintiffs ear while on the Interstate. They noticed her car weaving and, because of that, did not attempt to pass her. Mr. Geis stated that plaintiff almost missed the exit from the Interstate and came across the interstate from the left lane to the exit lane in front of them. They stayed behind plaintiff when she got off because they were going in the same | .{direction. They did not attempt to pass because her driving continued to be erratic. They testified that they then began to look for a policeman to report plaintiffs driving. When the cars approached a bend in Woodland near the construction area, Mr. Geis remarked that he did not think plaintiff would make the turn. They watched as plaintiff went straight into the concrete object off the road and flipped over. They said that the car did not hit the unpaved construction site and the driver did , not attempt to turn in any direction. They noted that the area of the “pothole” was filled with mud and shell and was not uneven. Mr. Geis stated that he had no problem going over the patch that night or any other time. In addition, they stated that they did not see plaintiffs brake lights flash on before the accident to indicate that she slowed down before the accident.
After the accident, Mr. & Mrs. Geis stopped to aid the occupants of the car. Another car also stopped and an unknown man and Mr. Geis got the children and plaintiff out of the van. As Mr. Geis carried plaintiff to his truck, she told him that she had just returned from a party or something and that she was tired from driving. Plaintiff admitted in her testimony that she was tired, but denied being fatigued, as noted in the accident report.
The court of appeal may not set aside the trial court’s findings of fact, in the absence of manifest error or unless the findings are clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); O’Boyle v. Piglia, 95-990 (La.App. 5th Cir. 2/27/96), 670 So.2d 1339, 1342; Badeaux v. State, Dept. of Transp. and Development, 96-853 (La.App. 5th Cir. 2/25/97), 690 So.2d 203, 208. Furthermore, “where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.” Stobart v. State, 617 So.2d 880, 882-383 (La.1993).
In this ease, plaintiff testified that the accident was caused by the pothole on Woodland Drive. The witnesses testified that plaintiff simply failed to negotiate the turn. The trial judge chose to believe the witnesses version of the | ¡¡accident. Under these facts, we find that the trial judge was not clearly wrong. Thus, we affirm the judgment.
Accordingly, the judgment of the trial court is hereby affirmed. Costs of appeal are assessed against plaintiff.
AFFIRMED.